UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SHERYL HOLLY-TAYLOR,**

　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No: 5:23-cv-609-MMH-PRL

**CAREGIVER SERVICES INC,**

　　Defendant.

### REPORT AND RECOMMENDATION[1]

Upon referral, before the Court in this Fair Labor Standards Act ("FLSA") case, is the parties' joint motion for approval of their settlement and for the Court to dismiss the Complaint with prejudice. (Doc. 14). The Court must determine whether the settlement between Plaintiff and Defendants is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

### I.　LEGAL STANDARDS

If a settlement is unsupervised by the Department of Labor, compromise of FLSA claims is only available "[w]hen employees bring a private action for back wages under the FLSA, . . . present to the district court a proposed settlement, [and it] . . . enter[s] a stipulated

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> employees are likely . . . represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages . . . actually in dispute; we allow the district court to approve the settlement . . . to promote the policy of encouraging settlement of litigation.

*Id.*

## II. DISCUSSION

As set forth in the Settlement Agreement, Defendant will pay a total sum of $2,000.00 to resolve this matter, to include the following: (1) $500.00 to Plaintiff representing full compensation for Plaintiff's FLSA wage claims, including liquidated damages, (2) $500.00 to Plaintiff representing additional consideration for her full release of claims; and (3) $1,000.00 to Plaintiff's counsel for attorney's fees. (Doc. 14-1 at ¶¶ 1 & 2).[2] The parties were represented by experienced counsel and both the terms and conditions of the parties' settlement were the subject of arms-length negotiations between counsel. The settlement amount was based on information learned through the exchange of Plaintiff's statement of claim, pay records, and

---

[2] The Settlement Agreement refers to two $1,000.00 sums paid by Defendant, the first of which comprises two $500.00 payments to Plaintiff representing compensation for her FLSA wage claims and additional consideration. (Doc. 14-1 at ¶¶ 1 & 2).

time records. The parties agree that the settlement represents a reasonable compromise of Plaintiff's claims.

### A. Attorney's Fees and Costs

With respect to the agreed-to sum for attorney's fees and costs, the parties represent that they were negotiated separately from Plaintiff's recovery. (Doc. 14 at 5–6); *see Bonetti v. Embarq Mgmt. Co.*, Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009). Under the circumstances, I submit that the amount of $1,000.00 for attorney's fees and costs appears to be reasonable.[3]

### B. General Release

As for the remaining portions of the Settlement Agreement, the release of claims in Paragraph 4 may be impermissibly overbroad, as it extends beyond the named Defendant to:

> Its predecessors, successors, assigns, parents, subsidiaries, related corporations, affiliates, joint ventures, joint employers, insurers, as well as its and their present and former principals, members, agents, employees, officers, shareholders, and representatives[.]

(Doc. 14-1 at ¶ 4.a.); *see Arguelles v. Noor Baig, Inc.*, 6:16-cv-2024-Orl-37TBS, 2017 U.S. Dist. LEXIS 26024, at *3 (M.D. Fla. Feb. 24, 2017) ("a general release may not be used to release a non-party."). As explained in *Arguelles*, the prohibition on releasing non-parties is to

---

[3] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting *Perez v. Nationwide Protective Servs.*, Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable based on the history of this case and Plaintiff does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

prevent "plaintiff's FLSA claim . . . . [from being] leverage[d] to produce a general release of all possible claims." *Id.*

However, where the other entities fall "within the definition of 'employer' in 29 U.S.C. § 216(b), [the release] would not be overbroad[.]" *Beard v. Steak N Shake Operations, Inc.*, No. 6:16-cv-1154-Orl-41TBS, 2017 U.S. Dist. LEXIS 223490, at *12 (M.D. Fla. Nov. 3, 2017). Here, the release appears to extend to individuals and entities that could fall within the definition of employer. *Cf. Langellier v. Brevard Extraditions Inc.*, No. 6:19-cv-1316-Orl-37EJK, 2021 U.S. Dist. LEXIS 63119, at *8-9 (M.D. Fla. Mar. 30, 2021) (recommending approving release covering non-named individuals that could be considered joint employers); *with Niles v. Denny's Inc.*, No. 6:16-cv-999-Orl-40TBS, 2017 WL 1352232, at *2 (M.D. Fla. Mar. 22, 2017), *report and recommendation adopted*, 2017 WL 1318666 (M.D. Fla. Apr. 10, 2017) (recommending modifying the release to limit it to the sole named defendant).

Further, generally, such broad releases are "'side deals' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, "confer[] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351–52 (M.D. Fla. 2010). However, Courts in this District have approved FLSA settlement agreements accompanied by separate general releases where there is consideration beyond what is due for the FLSA claims.[4] For example, courts frequently approve broad

---

[4] While courts have approved FLSA settlements which were accompanied by separate agreements for general releases, courts do not approve or express an opinion of the terms of those separate agreements. *See Brozman v. Jenniferjames Haircolorxperts*, LLC, 2016 U.S. Dist. LEXIS 23231, *1 n. 1 (M.D. Fla. Feb. 25, 2016) (expressing no opinion on separate general releases of non-pending claims); *see also Middleton v. Sonic Brands L.L.C.*, 2013 U.S. Dist. LEXIS 129042, at *11 (M.D. Fla. Aug. 22, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 129039 (M.D. Fla., Sept. 10, 2013) (when "substantial consideration" is paid to plaintiff beyond the amount arguably due under the FLSA, a general release "does not render the settlement unfair or unreasonable.").

releases accompanying FLSA settlements where the plaintiff receives full compensation for her FLSA claim, and additional consideration for a general release, confidentiality provision, and other clauses. *See Weldon v. Blackwoods Steakhouse, Inc.,* No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) (approving settlement containing general release and non-disparagement agreement where the plaintiff received full compensation of FLSA claim and $100.00 in additional consideration for same); *see also Smith v. Aramark Corp.*, No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) (same).

Here, the parties recite that Plaintiff is receiving compensation for her FLSA wage claims, including liquidated damages, and an additional $500.00 for the broad general release. (Doc. 14-1 at ¶¶ 1.a., 2, 4). Under these circumstances, I submit that the Settlement Agreement should be approved with the broad general release.

### III. RECOMMENDATION

Accordingly, and upon due consideration, I recommend that the Court **GRANT** the parties' joint motion for settlement approval (Doc. 14), and that the Court find the Settlement Agreement to be a fair and reasonable compromise of Plaintiff's FLSA claims. Further, as requested, the Court should dismiss the case with prejudice.

Recommended in Ocala, Florida on December 14, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party

Courtroom Deputy